THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* DANIEL J. SULLIVAN, Appellant.

First Department, November 27, 1973.

*Robert J. McGuire* of counsel (*McGuire & Lawler*, attorneys), for appellant.

*Lewis R. Friedman* of counsel (*Michael R. Juviler* with him on the brief; *Frank S. Hogan, District Attorney*), for respondent.

*Per Curiam.* An illegally parked automobile, rented by defendant, was towed away to a police pier where a routine inventory thereof revealed a briefcase, which was found to contain a loaded pistol. The validity of the search has already been upheld by the Court of Appeals (29 N Y 2d 69). These facts underlie the present judgment of conviction appealed from.

The totality of the trial court's errors was prejudicial to defendant and denied him his right to a fair trial. Those errors include the trial court's refusal to permit defendant to testify to a conversation allegedly had by him with one, Patrick Kennedy, during the course of which conversation said Kennedy allegedly stated to defendant that he [Kennedy] had placed the gun in the briefcase in the car and that he then forgot about it. Such a declaration by Kennedy was against his penal interest and, hence, constituted an exception to the hearsay rule. (*People* v. *Brown*, 26 N Y 2d 88.)

In the last cited case the Court of Appeals held (p. 94) as follows: '' The rule in New York should be modernized to

hold that an admission against penal interest will be received where material and where the person making the admission is dead, beyond the jurisdiction and thus not available; *or where he is in court and refuses to testify as to the fact of the admission on the ground of self incrimination."* (Emphasis added.)

That error was compounded by the trial court's refusal to permit defendant to call Kennedy as his witness in the presence of the jury. Whether or not said witness had made known in advance his intention of invoking his Fifth Amendment privilege was not determinative of defendant's right to call him as his witness. '' The court committed prejudicial error in refusing to permit defendant's witness * * * to be sworn and questioned. The privilege granted a witness to refuse to testify on the ground that his testimony would tend to incriminate or degrade him is merely an option of refusal and not a prohibition of inquiry * * * It may be that important facts might have been brought out to the advantage of the defendant, in no way self-incriminating.'' (*People* v. *Allen,* 246 App. Div. 612.)

It appears further that the trial court's charge with respect to circumstantial evidence, which constituted all of the evidence in the case, was suggestive and repetitive and certainly did not amount to balanced instructions. In this connection the language of the court in *People* v. *Johnson* (6 A D 2d 181, 183) is pertinent: '' The duty rests on the Trial Judge to give adequate and balanced instructions to the jury in a criminal case; and if the failure to do this is of sufficient importance, an Appellate Division under its express power of review on appeal ' whether any exception shall have been taken or not ' (Code Crim. Pro., § 527) will examine the charge to the jury to determine if the duty of adequate guidance to the jury has been substantially met. [Citing cases.] ''

Accordingly, the judgment rendered on September 6, 1972, in New York County, convicting defendant, after trial (MURTAGH, J., and a jury) of possession of a weapon, as a felony, should be reversed on the law and a new trial ordered.

McGIVERN, J. P., MARKEWICH, LANE, TILZER and CAPOZZOLI, JJ., concur.

Judgment, Supreme Court, New York County, rendered on September 6, 1972, unanimously reversed, on the law, and a new trial directed.